[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Vincent Esposito, brings this action against the defendants, Quality Towing Corp. (Quality Towing), Shlomo Oz, d/b/a Riverview Plaza, Ritz Realty Corp., Mark Gregory Szwaja and Michael Gallagher, based on an incident occurring in the Riverview Plaza parking lot, 24 Belden Avenue, Norwalk, on June 26, 1998.[1] The plaintiff's second amended class action complaint, dated August 13, 1999, sounds in five counts. They are false imprisonment (count one), trespass to chattel (count two), conversion (count three), infliction of emotional distress (count four), and a violation of General Statutes § 42-110 (a) et seq., the Connecticut Unfair Trade Practices Act (CUTPA) (count five).
The plaintiff, who described himself as a "freelance carpenter/cabinet maker/construction worker," alleges in his affidavit in support of class certification that he entered the court house at 17 Belden Avenue in Norwalk "to pay traffic related fines." The complaint states that the plaintiff parked his car in the Riverview Plaza parking lot, which is across Belden Avenue from the court house, and when he returned from the court house, his motor vehicle had been "immobilized by a bright yellow `tire boot.'" The plaintiff further alleges that he was pressured by one of more of the defendants to pay a "booting fee" of $125. The plaintiff also alleges that before he could drive away with his car he was forced by one or more of the defendants to sign a form which acknowledged that he was "parked illegally on private property" and that by reason of signing a general release he agreed to "waive" his right to sue the defendant Quality Towing Corp. The plaintiff seeks compensatory and punitive damages, attorney's fees and CUTPA damages.
The defendants denied the material allegations of the complaint and filed two special defenses. The first defense alleges that the plaintiff was unlawfully parked on private CT Page 15409 property belonging to the defendant Ritz Realty, that the property was posted, and that the plaintiff violated General Statutes § 53a-109. This statute, which is entitled "Criminal trespass in the third degree; Class C misdemeanor," refers to a person who enters or remains on property which is posted so as to exclude intruders knowing that he is not licensed or privileged to do so. The second special defense contends that the plaintiff was "personally abusive" to the defendants and that any damages he incurred resulted from his "own tortious behavior."
The plaintiff thereafter moved for certification as a class action on behalf of "all those individuals who have, since October 28, 1997, had their vehicles immobilized by the `tire boots' in the Riverview Plaza Parking lot" and had been obliged to pay a "boot removal fee" to Quality Towing. This motion was denied on June 21, 1997 (#108), and thereafter the plaintiff moved for "articulation, time extension, and/or reargument." This motion was granted and the parties appeared on August 23, 1999, for oral argument.
The plaintiff claims that he has identified approximately 200 persons whose vehicles were "booted" at the subject premises during the relevant time periods and who consequently paid $125 to the towing company and involuntarily signed a release for the sole reason of getting unfettered access to their cars. The plaintiff also asserts that approximately 20 to 25 such persons have appeared at his attorney's office and were prepared to pursue this action.
The defendant Quality Towing opposes class certification because the Attorney General of this state, on behalf of the Commissioner of Consumer Affairs, has filed suit against the exact same defendants in this present action, alleging violations of CUTPA. Relief in that suit is "restitution on behalf of each potential plaintiff." Hence, according to this defendant, the plaintiffs claim for class certification in this suit is "duplicative" of the action brought by the Attorney General in Hartford.
"In combination, Practice Book § §§ 9-7 and 9-8 state eight requirements for class certification: (1) that the class is so numerous that joinder of all members is impractical;(2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) that the CT Page 15410 representative parties will fairly and adequately protect the interests of the class; (5) that common questions of law or fact predominate over any questions affecting only individual members; (6) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; (7) that a class exists; and, (8) that the class representative is a member of the class." Connecticut Cooling Total Air, Inc. v.Connecticut Natural Gas Corp., 46 Conn. Sup. 82, 84, ___ A.2d ___ (1999).
Employing these criteria to determine the propriety of class certification, the court believes that its earlier decision was erroneous and that class certification is proper under the circumstances. It is evident, for example, that the claim of the representative party' the plaintiff herein, arises out of the same event or practice or conduct that gives rise to the claim of the class members. In other words, the representative party's claims are not markedly different from those of the proposed class. The factual scenario, the booting, the fee, the waiver, is common to all members of the class. The plaintiff has proved a sufficient connection to enable him to represent other class members suffering from similar practices.
Moreover, there is a common interest among the class members in obtaining relief for the alleged improper conduct of the defendants. If ultimately the interests of the class differ, the court may redefine or divide the class in order to deal with any actual conflict of interest. There is also nothing to suggest that the class representative is not qualified to represent this class, or that the plaintiffs counsel, assisted by other counsel, does not have the necessary experience to pursue this case.
Finally, it appears that class certification is better than any other available method of adjudication of this controversy, for example, individual suits, joinder of parties, administrative remedies, or test case litigation.
Thus, on a more detailed review of the plaintiffs motion, the court is now convinced that since: (1) common issues prevail; (2) the parties are numerous; (3) a class action may minimize the number of law suits and litigation expenses; (4) duplicative efforts by this court and the litigants themselves will be eliminated; (5) the defendants will be relieved from the necessity of defending numerous law suits; and (6) inconsistent judicial decisions will be eliminated, a class action is superior CT Page 15411 to a large number of possible individual lawsuits involving the same legal and factual issues alleged against the same defendants.
Therefore, the motion for class certification is granted.
Dated at Stamford, Connecticut, this 19th day of November, 1999.
William B. Lewis, Judge